HERMAN I. GRAEBER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Graeber v. Commissioner
Docket Nos. 31963-83; 7719-83.
United States Tax Court
T.C. Memo 1988-422; 1988 Tax Ct. Memo LEXIS 440; 56 T.C.M. (CCH) 76; T.C.M. (RIA) 88422; September 6, 1988. Herman I. Graeber, pro se. Florence M. Jones, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: These consolidated cases [1] were assigned to Special Trial Judge Larry L. Nameroff pursuant to section 7456(d) (redesignated as section 7443A(b) by the Tax Reform Act of 1986, Publ. L. 99-514, section 1556, 100 Stat. 2755) of the Code [2] and Rule 180 et seq. The Court agrees with *441 and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE NAMEROFF, Special Trial Judge: Respondent determined deficiencies in income taxes and additions to the taxes of the petitioner as follows: Additions to the taxes
Income tax
Sec. 6653(a)
Sec. 6651(a)
Sec. 6654(a)
1977
$ 19,341.30
$  967.06
$  4,835.33
$   688.74
1980
17,354.80
876.74
4,383.70
1,122.24
1981
5,981.43
[3] 295.92
1,479.61
452.82
For 1981 respondent also determined an addition to tax under section 6653(a)(2) in the amount of 50 percent of the interest due on the full deficiency for 1981. In addition, at the calendar call, respondent moved for the imposition of damages under section 6673. The petition is docket number 7719-83 was *442 filed April 7, 1983, and the petitioner alleged that he was not a taxpayer; he had no responsibility to file and no taxable income; and he doesn't volunteer under the doctrine of "voluntary compliance." Respondent filed an Answer and the petitioner moved to dismiss the Answer as improper, which motion was denied. Then the petitioner moved for a more definite statement with regard to the Answer, which was also denied. The petition in docket number 31963-83 was filed November 14, 1983 and contained analogous provisions to the prior petition. After respondent filed his answer, petitoner again engaged in procedural skirmishing, but to no avail. But in August of 1984, a hearing was held before this Court in which the parties represented to the Court that a basis of settlement was almost reached and the issues had been limited. The Court granted a continuance for the parties to continue their discussions and report back on the status of those discussions. In April, 1988, respondent filed a status report in response to an order of the Court indicating that, while the petitioner had substantiated certain matters of cost of goods sold and Schedule C deductions, further progress was *443 not possible inasmuch as petitioner refused to discuss the issues anymore. Subsequently, petitioner filed a Motion to Dismiss on the grounds that the commissioner proceeded improperly by not filing a return under section 6020(b) on petitioner's behalf. That particular issue has long been decided since our decision in . We denied petitioner's motion, not desiring to revisit Hartman.See . When these cases were called at the calendar for the trial session, petitioner was advised that he had the burden of proof as to all issues set forth in the notice of deficiency and was further advised as to the provisions of 6673 concerning a possible award of damages. Subsequently at trial, instead of presenting evidence, petitioner presented a trial memorandum which only contained rejected tax protester arguments. Otherwise petitioner stood mute. The Court holds that petitioner has failed to satisfy his burden of proof and, therefore, is liable for the deficiencies and additions to tax as will be determined under Rule 155, taking into considerations respondent's *444 concessions as to cost of goods sold and Schedule C expenses. We now consider respondent's motion for an award of damages. Section 6673 provides: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $ 5,000 shall be awarded to the United States by the Tax Court in its decision.
The matters set forth in the petition and in petitioner's various motions are all standard protester arguments which have been rejected over and over again. Damages could be awarded for the full $ 5,000. However, in view of the respondent's concessions of substantial costs of goods sold and Schedule C deductions, we will deny respondent's motion. However, petitioner should be advised that is these arguments are presented to this Court again for other years in a similar fashion, he may find that the Court will award damages to the govenrment in the amount of $ 5,000. Decisions will be entered under Rule 155.
Footnotes
1. These cases were consolidated for purposes of trial, briefing, and opinion. ↩
2. Unless otherwise indicated, all section references are to the Internal Revenue code of 1954, as amended and in effect during the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
3. This addition was determined under section 6653(a)(1).↩